UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20904-CIV-TORRES

CONSENT CASE

CINDY BELANGER,

    Plaintiff,

vs.

RESORTS WORLD BIMINI,
BIMINI SUPERFAST LIMITED,
BIMINI SUPERFAST
OPERATIONS, LLC, and
BIMINI SUPERFAST
CHARTER LIMITED

    Defendants.
_____/

## **ORDER ON TRIAL INSTRUCTIONS**

This matter is before the Court *sua sponte* pursuant to the Court's Scheduling Order setting a June 11, 2018 trial date in this case.

In addition to the specific provisions of the Scheduling Order that sets forth certain procedures that must be followed in the case in anticipation of trial, this Order is designed to provide further guidance and directives to the parties for use during the trial.

1. **<u>General Instructions for Exhibits and Commencement of Trial</u>**

   a. Counsel shall arrive in the courtroom at 8:30 a.m. on the first day of trial for the purpose of handling logistical and administrative matters pertaining to the trial, including the submission of exhibits and other materials required by the Scheduling Order.

   b. All materials that must be provided to the Court or Courtroom Deputy by the Scheduling Order (i.e., proposed findings or jury instructions) shall also be delivered electronically to the Court's CM/ECF mailbox, torres@flsd.uscourts.gov. All documents shall be in Corel WordPerfect version 10.0 (or greater) format.

   c. All exhibits must be pre-marked. The exhibits shall be marked numerically. The letter "P" for Plaintiff's exhibits, and the letter "D" for Defendant's exhibits, shall precede the exhibit number (e.g., "P-1" and "D-2"). A typewritten exhibit list setting forth the number and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office or online through the Court's website (or also at http://www.uscourts.gov/FormsAndFees).

   d. Each party may prepare their own bench book of key exhibits for use by the Court that can be reproduced in binder form, which shall be side-tabbed with the exhibit number for easy referral. Alternatively, the parties are advised to ensure that a copy of any exhibit being

utilized at trial shall be provided to the Court at the same time. One can never have enough copies of the exhibits in the courtroom. For publication of exhibits to the jury in jury trial cases, the parties are encouraged to agree on a binder book of key exhibits that will be admitted at trial for ease of reference by members of the jury.

e. A final exhibit list that identifies the exhibits admitted during the trial will be provided to the jury during deliberations. Counsel shall review and approve that admitted exhibit list, together with reviewing the accuracy of the exhibits that are provided to the jury. Counsel shall provide that admitted exhibit list to the Courtroom Deputy prior to it being given to the jury.

f. If any party needs to arrange for the installation of its own equipment, such as video monitors, projectors, etc., counsel must notify the Courtroom Deputy no later than the close of business on Thursday prior to the start of trial to make appropriate courtroom arrangements. Additionally, for security purposes, the Marshals will not permit the entry of any such equipment, including computer laptops, into the courthouse without an Order of the Court permitting same. Each party is responsible to make sure the appropriate motion and proposed order is timely submitted to the Court no later than one week prior to the start of trial. The Courtroom where the trial will take place may not have any portable display equipment that the parties could use;

therefore, the parties are responsible for ensuring that whatever equipment they wish to use at trial should be arranged in advance. The Court encourages the parties to confer and share the costs of display equipment to alleviate the monetary cost and streamline the presentation of evidence to the jury.

g. Unless the Court notifies the parties otherwise, the trial day shall be conducted Monday through Friday, 9:00 a.m. to 5:00 p.m., with two 15 minute breaks and a lunch recess from approximately 12:00 p.m. to 1:15 p.m. Depending on the circumstances, the jury may not be called into the courtroom until 9:15 or 9:30 if legal arguments must be addressed at the start of a trial day. The Court may conduct legal arguments or jury instruction conferences after 5:00 p.m. when necessary.

2. **Voir Dire/Jury Selection**

a. As the Scheduling Order provides, counsel are not required to prepare written voir dire questions in advance of trial. The Court will conduct voir dire after conferring with counsel regarding potential areas of questioning at the pretrial conference. A portion of the voir dire may be based on written questions given to the jurors when they arrive in the courtroom that are primarily designed to elicit background information. The Court prefers to discuss at the pretrial conference whether there are any unique issues that should be addressed with

regard to voir dire questions, most especially whether there are any topics that the parties would prefer that the Court address directly rather than through the parties' counsel. The parties should be advised that the Court will give the parties some reasonable time period for their own voir dire questions, so long as the voir dire process is not converted into an opportunity for argument prior to the start of trial. In the Court's experience, however, the bulk of the examination should be conducted by the Court as jurors are usually more comfortable in responding to the examination when the Court asks probing questions. The Court's purpose is to seat a fair and impartial jury, not one that has been overly "prepped" by counsel at jury selection.

b. Ordinarily, the Court selects a jury of eight persons. The Court will conduct its initial voir dire of usually twenty (20) prospective jurors. Under this system, a rule against is unnecessary because the parties will be fully informed of the background of the entire jury panel prior to exercising their challenges.

c. If the parties agree on an alternative procedure, the Court is very open to considering that proposal based upon its willingness to provide the parties with as much leeway as possible in presenting their own cases. Thus, if the parties would prefer fewer initial examinations of jurors in exchange for imposition of a rule against backstriking, the parties may so request. Alternatively, if the parties anticipate that the

nature of the case may give rise to more difficulty in seating a jury, an initial examination of more than twenty jurors may be conducted. Any requests to alter the Court's usual procedure must be raised at the pretrial conference.

d. Except in extraordinary cases, each party will have three peremptory challenges as provided by Fed. R. Civ. P. 47.

e. The process of exercising peremptory challenges and raising challenges for cause is handled outside the presence of the jury panel.

3. **Jury Instructions**

a. In accordance with the Court's Scheduling Order, the parties shall submit a single, joint set of proposed jury instructions, where applicable in a jury trial case. The parties should generally rely upon model federal or Florida jury instructions, especially the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein, or when necessary other appellate circuits' manuals of model jury instructions. Modifications of instructions from these sources must specifically state the modification made to the original form instruction and the authorities supporting that modification.

b. The parties do not have to have agreed on the proposed language of each or any instruction or question on the verdict form. Where the parties agree on a proposed instruction or question, that instruction or

question shall be set forth in normal font. Instructions and questions proposed only by the plaintiff (to which the defendants object) shall be *italicized*. Instructions and questions proposed only the defendants (to which the plaintiff objects) shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the legal basis for the objection(s), also supported by citations of authority.

c. The proposed jury instructions shall be filed and an electronic copy delivered to Chambers at torres@flsd.uscourts.gov in Corel WordPerfect version 10.0 (or greater) format.

d. The Court expects counsel will cooperate in good faith and in most cases, should be able to agree on the general organization of the instructions, standard instructions, and similar routine issues, thereby limiting the Court's consideration to *bona fide* substantive disputes relating to the instructions and verdict form. Failure to cooperate in good faith and/or to submit proposed jury instructions as required by this order will result in appropriate sanctions being imposed upon the offending party, including dismissal of claims or striking of defenses.

e. To facilitate that process, the parties are advised that this Court usually requires jury instructions to be stated in plain language that is easy for lay persons to understand. Instructions should focus on the correct law to be applied with limited factual discussion or lengthy

summaries of the parties' evidence. That is for the parties to address in closing arguments. The parties should also be aware that the Court will require that jury instructions be finalized before closing arguments in order for the parties to be able to utilize the instructions at closing. The Court is also willing, with agreement of the parties, to have the jury be instructed by the Court *prior to* the closing arguments, in order to facilitate the jury's understanding of the parties' arguments.

**4.     Instructions Governing Procedure During Trial**

a.     Professionalism - Address all remarks to the Court. Do not directly address the court personnel or opposing counsel. Do not disrespect the Court, opposing counsel or parties, or the witnesses, obviously at any time but especially in front of the jury. The Court *and* counsel are together responsible for ensuring respect for the judicial process.

b.     Presentation of evidence - Counsel must cooperate with each other during trial to ensure the efficient and expeditious use of the time of the Court and the jurors. The inefficient use of trial time before the jury is a factor that many jurors point to as sources of frustration in the trial process. The Court will prevent unnecessary bench conferences. Anticipate problems with a direct or cross-examination and raise it in advance to avoid delaying the presentation of testimony. For your own sake, avoid wasting the jury's time.

  c. Opening Statement - The Court will, if necessary, sustain objections to overly argumentative opening statements. Do not discuss the law or argue the case in opening statements. With respect to use of exhibits or demonstratives during opening statements, the parties must confer with respect to any such exhibits or demonstratives they intend to use in their opening statements. Reasonable arguments concerning such issues may be raised before the trial commences. If this procedure is not followed and an objection is then lodged to the use of an exhibit, the Court may sustain that objection.

  d. Objections - When objecting, stand before speaking, state only that you are objecting and the legal basis for the objection, e.g., hearsay, relevance, etc. The Court cannot rule on an objection that it does not hear, and the court reporter may not properly make note of such objection. Do not argue an objection before the jury. Speaking objections before the jury are not permitted.

  e. No double teaming - When a party has more than one lawyer, only one lawyer may conduct the examination of a given witness and only that lawyer may handle objections during the testimony of that witness.

  f. Multi-Party Cases - In multi-party cases, counsel are expected to coordinate their cross-examination, except upon good cause shown.

The Court will not permit each party's counsel to repeat previous cross-examination questions.

g. Witnesses - It is important for an efficient and orderly trial that counsel be prepared for the witnesses who will testify that day. Therefore, counsel must provide to opposing counsel with notice by 5:00 p.m. the night before of the names of the witnesses who will be called the following day. If this procedure is violated, the Court may preclude a witness from testifying at the time counsel intended. Management of witnesses during trial is very important. Ensure that if your witness was on the stand at a recess that the witness be back on the stand on time ready to proceed when the trial resumes. *Do not run out of witnesses.* If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested your client's case. Therefore, always have a backup plan if a witness has travel problems or is late. At least plan to use reading of deposition transcripts for unavailable witnesses in that event.

h. Depositions - With respect to presenting deposition transcripts during the trial, refer to the Court's Scheduling Order for specific instructions on preparing the transcripts and raising objections. Use videotaped presentations whenever possible. Counsel should confer and reach agreement on efficient use of videotaped depositions for the jury's benefit. If it is necessary to read deposition transcripts into the

record, the Court will permit counsel to provide copies of edited transcripts to the jurors to follow along. The copies must of course be reviewed and approved by opposing counsel.

i.  Names - Counsel shall not refer to their clients or any witness over 14 years of age by their first names during trial.

j.  Approaching witnesses - The parties have permission to approach the bench or the witness stand when appropriate and need not request it every time it is necessary. The Court will restrict this process, however, if the privilege is abused. Counsel shall at all times conduct examinations from the lectern, especially because court reporters require that counsel speak into the court microphones in order to ensure a precise transcript. Do not engage a witness at the witness stand.

k.  Stipulations - Although the Court encourages the parties to stipulate to facts that are not reasonably in dispute, do not offer a stipulation unless you have previously conferred with opposing counsel and reached an agreement.

l.  Notetaking - The Court will permit jurors to take notes throughout the proceeding. The jurors' notebooks are retained by court personnel at the end of a trial day and at the conclusion of the case.

      m.      Modifications - Because this is a consent case, the Court is willing to consider any modification of these procedures where the parties are in agreement and request it.  Any such requests should be raised at the pretrial conference.  Any proposal designed to improve the efficiency and orderly presentation of evidence at trial will be considered.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of February 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge