CINDY BELANGER,

       Plaintiff,

v.

RESORTS WORLD BIMINI, *et al.*,

       Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Currently pending before this Court is a Motion for Summary Judgment filed by Defendants RESORTS WORLD BIMINI, BIMINI SUPERFAST LIMITED, and BIMINI SUPERFAST OPERATIONS, LLC (collectively, "Defendants"). [D.E. 59]. Plaintiff CINDY BELANGER ("Plaintiff" or "Belanger") filed a Response in Opposition to the Motion on August 29, 2018 [D.E. 72], and Defendants' Reply followed on September 14. [D.E. 76]. We have reviewed the parties' briefing materials, in addition to the record before us and the legal authorities governing the dispute. After due consideration, we hold that the Motion is **DENIED**.

## I.    *FACTUAL BACKGROUND*

The facts of this matter are fairly straightforward, and do not require extensive recitation. Plaintiff alleges that she tripped over a metal threshold on Defendant's vessel *Superfast* on March 11, 2015. [D.E. 16, ¶ 6]. According to the Amended Complaint, Plaintiff boarded the vessel and traveled to an exterior deck on the ship

in order to take pictures. *Id.*, ¶ 11. After doing so, Plaintiff claims she tripped and fell over a metal threshold located at the bottom of one of the vessel's doors. *Id.*; *see also* Depo. of C. Belanger, D.E. 59-1, p. 38. She denied ever seeing any warning signs in the area of this specific door or the threshold that allegedly caused her fall. [D.E. 59-1, p. 43, 48]. The four-count Complaint alleges negligence against each of the three Defendants. [D.E. 16].

Defendants now collectively move for summary judgment, claiming that it had no duty to warn Plaintiff of the alleged dangerous condition because the threshold was open and obvious to any reasonable person walking in or near the doorway where the incident took place. [D.E. 59]. Plaintiff, naturally, opposes the Motion, arguing that the record contains a genuine dispute as to whether or not a factfinder would determine that a reasonable person in Plaintiff's position would have observed the door and appreciated the fact that a metal threshold was present. We agree with Plaintiff, and will deny the Motion for the reasons stated below.

## II.    *LEGAL STANDARD*

Summary judgment is proper if, following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). An issue of fact is "genuine"

if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id*. at 1260. All the evidence and any factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party moves for summary judgment, the non-moving party must go beyond the pleadings and designate specific facts show that the record contains a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The non-movant's evidence must be significantly probative to support his or her claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In ruling on summary judgment, we must not weigh the evidence or make our own findings of fact. *Id*. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Instead, our role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Anderson*, 477 U.S. at 249; *see also Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990) ("If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment.").

## III.   ANALYSIS

Maritime law governs claims brought by passengers seeking to hold cruise ship operators liable for slip and fall incidents. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015). To prevail on a maritime negligence claim, Plaintiff must

show "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). This is consistent with a cruise line's duty to provide "reasonable care under the circumstances" to its passengers. *Sorrels*, 796 F.3d at 1279.

Defendants' only argument in support of the Motion is that that the condition causing Plaintiff's injury was open and obvious, and that summary judgment should be entered in its favor. There exists no duty to warn passengers of dangers that are open and obvious, "[r]egardless of notice." *Aponte v. Royal Caribbean Cruise Lines, Ltd.*, 739 F. App'x 531, 536 (11th Cir. 2018) (citing *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 357 (5th Cir. 2016) and *Samuels v. Holland America Line-USA, Inc.*, 656 F.3d 948, 954 (9th Cir. 2011)). To determine whether a condition is open and obvious, we must ask "whether a reasonable person would have observed the condition and appreciated the nature of the condition." *Aponte*, 739 F. App'x at 537.

Defendant argues that a reasonable person should have observed the threshold causing Plaintiff's trip and appreciated it prior to her fall. [D.E. 59, p. 5]. In support of its argument, Defendant claims that "Plaintiff's testimony clearly establishes that [the] threshold was an open and obvious condition" because the cruise line placed warning signs on the fire safety doorways and that Belanger "simply failed to appreciate the warning signs." *Id*. Because of this failure, the Defendants argue, any actual or constructive notice about the alleged dangerous condition plays no role in

our determination and we must conclude that the vessel owners are entitled to judgment as a matter of law. We disagree.

We find that there exists a genuine issue of material fact as to whether the condition was indeed open and obvious, and that a reasonable factfinder could determine that it was not. *Aponte*, 739 F. App'x at 537. Plaintiff testified that she did not see the metal threshold that caused the incident until after she had fallen to the ground. [Depo. of C. Belanger, D.E. 59-1, pp. 38-40]. The incident took place right after she boarded the vessel, on the first day of her cruise. *Id.*, pp. 30-31. She also testified that she not see any warning signs on the door in question immediately prior to her fall, *id.* at 48, and Plaintiff submitted an expert report[1] from Zac Giammarrusco, a digital forensics examiner, that casts doubt on whether the signage had been placed on the subject door at the time the incident took place. [D.E. 72-1]; *cf. Poole v. Carnival Corp.*, 2015 WL 1566415, at *5 (S.D. Fla. Apr. 8, 2015) (glass door that passenger ran into was open and obvious because she had passed through it before the incident and the door was marked by stickers in the glass's center and a warning sign on the frame); *Lombardi v. NCL (Bahamas) Ltd.*, 2016 WL 1429586 (S.D. Fla. Apr. 12, 2016) (granting cruise line's motion for summary judgment on the

---

[1] Although not conclusive, the expert's findings are persuasive in light of the record testimony from Defendants' corporate representative, who indicated that warnings signs on the vessel "wear out" and "would fall off" regularly, *see* Depo. of V. Karavias, D.E. 59-2, p. 52, that passengers may not be made aware of the presence of the metal thresholds present on the vessel if the warnings signs are missing, *id.* at 61, and that the ship in question often carried more than 100 replacement warning signs at any given time to alleviate this problem. *Id.* at 56. In light of this testimony, it is not completely out of the question that the expert's conclusions are correct and the warning signs were not in place on the day in question.

basis of an open and obvious condition because passenger testified that "she was aware of the step as soon as she entered the cabin" and "had also taken multiple cruises and found [the risk-creating condition causing her fall] had a step leading into" the bathroom where the incident occurred).

Based on this record, there is a genuine dispute over whether or not the threshold was indeed open and obvious. We are unclear if warning signs were present at the time of the incident, Plaintiff was unfamiliar with the area in question, and Ms. Belanger is adamant that she could not see the threshold at the time she opened the door. *See, e.g., Sampson v. Carnival Corp.*, 2016 WL 7209844, at *3 (S.D. Fla. Dec. 7, 2017) (denying cruise line's motion for summary judgment that argued presence of water on floor was open and obvious because "[p]laintiff testified that she *did not* notice the floor was wet before her fall despite looking down at the floor while walking onto the deck."); *Carminati v. NCL (Bahamas) Ltd.*, 2016 WL 7495126, at *3 (S.D. Fla. Aug. 11, 2016) (finding plaintiff "narrowly clears the hurdle of summary judgment" because, among other things, plaintiff "testified that she was not familiar with the area in which she fell, did not know where she was on the ship when she approached the doorway, and could not recall using the doorway at issue" prior to the incident in question). Thus, we are unable to say as a matter of law that the risk-creating condition was so open and obvious as to obviate the duty Defendant owed Plaintiff.

As such, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of

November, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge