UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20904-CIV-TORRES

CONSENT CASE

CINDY BELANGER,

    Plaintiff,

vs.

RESORTS WORLD BIMINI,
BIMINI SUPERFAST UNLIMITED
and BIMINI SUPERFAST OPERATIONS,
LLC,

    Defendants.
_____/

*As instructed January 30, 2019.*
*/s/ Torres*

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case.

    When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

In deciding this case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately as time passes. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law

and must be dealt with equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees which are made within the scope of their duties as employees of the company.

You have heard opinion testimony on certain technical subjects from persons referred to as expert witnesses. When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it. When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility,

and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

You should also be aware that the law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

Unless I otherwise specifically instruct you, each party asserting a claim or defense in this case has the responsibility to prove every essential part of the claim or defense by the greater weight of the evidence (sometimes referred to as a preponderance of the evidence). The greater weight of the evidence simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, or when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by the greater weight of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or defense by the greater weight of the evidence you should find against the party making that claim or defense. Now, let's talk about the specific claim and defenses in the case.

## Plaintiff's Claim of Negligence

In this case the Plaintiff, CINDY BELANGER, claims that the Defendants RESORT WORLD BIMINI, BIMINI SUPERFAST UNLIMITED, and BIMINI SUPERFAST OPERATIONS, LLC, was negligent and that such negligence was a legal cause of damage sustained by the Plaintiff. Specifically, Plaintiff alleges that the Defendants failed to maintain its premises in a reasonably safe condition, or negligently failed to correct a dangerous condition of which Defendants knew or should have known by the use of reasonable care, or failed to warn Plaintiff of a dangerous condition that the Defendants had – or should have had – knowledge greater than that of Defendants.

On the other hand, the Defendants contend that the vessel was maintained in a reasonably safe manner and denies that a dangerous condition existed at the time Plaintiff fell.

In order to prevail on this claim the Plaintiff must prove both of the following facts by the greater weight of the evidence:

    <u>First</u>:    That the Defendants were "negligent" and

    <u>Second</u>:    That such negligence was a "legal cause" of the injury or damage sustained by the Plaintiff.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person

would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

A shipowner is not an insurer of its passengers' safety. That is, a shipowner does not become liable to a passenger merely because an accident occurs. Rather, the Plaintiff must show by the greater weight of the evidence that the Plaintiff's injuries were caused by an unreasonably dangerous condition of the vessel and that the condition existed as a result of the shipowner's negligence.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If the greater weight of the evidence does not support the Plaintiff's claim, then your verdict should be for the Defendants. If, however, the greater weight of the evidence does support the Plaintiff's claim, you will then consider the defenses raised by the Defendants.

## Defendants' Defense of Comparative Negligence

The Defendants contend that the Plaintiff was also negligent and that her negligence was a legal cause of her own injury or damage. The law requires that a cruise ship passenger also exercise reasonable care for his/her own safety.

This is a defensive claim and the burden of proving that claim, by the greater weight of the evidence, is upon the Defendants who must establish

<u>First:</u>     That the Plaintiff was also "negligent;" and

<u>Second:</u>   That such negligence was a "legal cause" of the Plaintiff's own injury or damage.

Finding in favor of the Defendants on this defense will not prevent recovery by the Plaintiff; it will only reduce the amount of the Plaintiff's recovery. In other words, if you find that the accident was due partly to the fault of the Plaintiff - - that the Plaintiff's own negligence was, for example, 50% responsible for the Plaintiff's own damage - - then you would fill in that percentage as your finding on the special verdict form that I will explain in a moment. Such a finding would not prevent the Plaintiff from recovering; the Court will merely reduce the Plaintiff's total damages by the percentage that you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that the Plaintiff was negligent, you might find 1% or 99%.

## Compensatory Damages

If the evidence proves negligence on the part of the Defendants that was a legal cause of damage to the Plaintiff, you should award the Plaintiff an amount of money that will fairly and adequately compensate the Plaintiff for such damage.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by the greater weight of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. Future damages must be proven to be necessary within a reasonable degree of medical certainty.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by the greater weight of the evidence, and no others:

    (a)    medical and hospital expenses,

   (b)  physical and emotional pain and mental anguish (which includes pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a physical defect, and loss of the capacity for the enjoyment of life, past and future).

In determining the total amount of damages, do not make any reduction because of the fault, if any, of Plaintiff. If you find her at fault to any degree, the court in entering judgment will reduce her total amount of damages by the percentage of fault which you find is chargeable to Plaintiff.

If the greater weight of the evidence shows that the Plaintiff has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of the Plaintiff's life.

Any amount of damages which you allow for future damages should be reduced to its present money value. Only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate the Plaintiff for these losses as they are actually experienced in future years.

* * *

Of course, the fact that I have given you instructions concerning the issue of damages on the Plaintiff's claim should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. Your final verdict must only be based on the evidence that has been received and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against a party.

## Duty to Deliberate; Returning the Verdict

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges -- judges of the facts. Your only interest is to seek truth from the evidence in the case.

When you go the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my

attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

* * *